*E-Filed 6/26/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DANIEL R. CLARK, et al.

        Plaintiffs,

   v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

Case No. C07-00805 HRL

**ORDER (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND (2) DENYING PLAINTIFFS' MOTION FOR SANCTIONS**

*Pro se* Plaintiffs Daniel and Yupapan Clark bring suit under the Federal Tort Claims Act.  They allege that the Office of Personnel Management and the Department of the Navy were negligent in processing Daniel Clark's application for disability retirement benefits.

A) Defendant's Motion to Set Aside Default

    Default was entered by the Clerk of this Court based on Plaintiffs' claim that Defendant defaulted on its responsive pleading service obligation.  Defendant moves to set aside the entry.[1]  It is undisputed that FED. R. CIV. P. 12(a)(3)(A) is applicable to this case, which states that the United States "shall serve an answer to the complaint ... within 60 days after the United States attorney is served with the pleading asserting the claim."  Further, it is undisputed that

---

[1] Pursuant to an order issued by this Court on 5/9/07,  Defendant's Opposition to Plaintiff's Motion for Default is treated as a Motion to Set Aside the Entry of Default.

1    Defendant mailed its responsive pleading to Plaintiffs on the sixtieth day.  The dispute here is

2    over the sufficiency of mailing the pleading on the date service is due.

3           Plaintiffs claim that according to Local Rule 5-5, if a party decides to serve a pleading

4    through the mail, the pleading must be mailed three days prior to the due date.[2]  Plaintiffs

5    therefore assert that timely service under L.R. 5-5 and FED. R. CIV. P. 12 requires Defendant to

6    mail its responsive pleading fifty-seven days after receiving the complaint.  Accordingly, they

7    argue that Defendant's responsive pleading was late and the entry of default was proper.

8           However,  Defendant correctly argues that service was timely because its response was

9    mailed on the sixtieth day and because service is complete upon mailing.  *Kim v. Commandant,*

10   *Def. Language Inst., Foreign Language Ctr.*, 772 F.2d 521, 524 (9th Cir. 1985).   Plaintiffs

11   were timely served under Federal Rules of Civil Procedure 12 and 5(b)(2)(B).[3]  Furthermore,

12   Plaintiffs' argument based on the Local Rules is flawed because those rules cannot be construed

13   to contradict the Federal Rules; they may only supplement them.  See, L-R 1-2(b); See also,

14   *Jackson v. Crosby*, 375 F.3d 1291, 1296 (11th Cir. 2004).  This Court cannot uphold a reading

15   of the Local Rules which effectively shortens the time available to Defendant to respond to a

16   pleading.[4]  Accordingly, the Motion to Set Aside the Entry of Default is GRANTED.

17

18          B) Plaintiff's Motion for Sanctions

19          This motion arises from an interaction between the parties which prompted Plaintiffs to

20   conclude that defense counsel was discourteous.  It began when Defendant served a motion on

21   Plaintiffs, signifying its intention to file it with the Court.  The following day, this Court issued

22   an order which made filing that motion unnecessary.  Plaintiffs, apparently confused by the fact

23   that the motion was not filed, contacted the Court to clear up the matter.  Defendant then wrote

24

25          [2] L-R 5-5(a)(2) Manner of Service for Cases Not Subject to Electronic Case Filing. "If the serving
party elects to send the pleading or paper by mail, it must be mailed 3 days before the due date[.]"

26          [3] Fed. R. Civ. P. 5(a)(2)(B): Service is made by "Mailing a copy to the last known address of the
person served. **Service by mail is complete on mailing.**" [emphasis added]

27

28          [4] Even if the response was untimely, Plaintiffs suffered no prejudice from the three day delay and
therefore entry of default would be inappropriate.  See, *Apache Nitrogen Products, Inc. v. Harbor Ins. Co.*, 145
F.R.D. 674, 682 (D.Ariz. 1993).

*United States District Court*
For the Northern District of California

1    a letter to Plaintiffs explaining its decision not to file the motion.  Plaintiffs view this incident as

2    evidence of Defendant's "reckless disregard of these judicial proceedings" and accordingly

3    move for sanctions.

4           Defendant contends that there is no basis for sanctions when it is only guilty of deciding

5    not to file an unnecessary motion.  Further, Defendant points to the letter sent to Plaintiffs

6    explaining its decision not to file the motion as further evidence of its attempts to work with

7    Plaintiffs.

8           Defense counsel might have told Plaintiffs promptly that the motion was not, in fact,

9    filed.  However, Plaintiffs suffered no harm other than perhaps a period of confusion,

10   subsequently rectified by the letter from Defendant's counsel.  Finding no basis for sanctions,

11   Plaintiffs' Motion is DENIED.

12

13

14          **IT IS SO ORDERED.**

15

16   Dated: 6/26/07

17                                              HOWARD R. LLOYD
                                                UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Lawrence E. Eiser Larry.Eiser@USDOJ.Gov, Hope.Swann@USDOJ.Gov

Daniel R. Clark
585 Hawthorne Street
Unit 205
Monterey, CA 93940

Yupapan Clark
585 Hawthorne Street
Unit 205
Monterey, CA 93940

James G. Touhey, Jr.
U. S. Department of Justice
Torts Branch, Civil Division
Post Office Box 888
Washington, DC 20044

Peter D. Keisler
United States Department of Justice
Assistant Attorney General
20 Massachusetts Avenue, NW
Room 7312
Washington, DC 20530

Dated:  6/26/07                          /s/ KRO
                            Chambers of Magistrate Judge Howard R. Lloyd

4