United States District Court
For the Northern District of California

*E-filed 8/17/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DANIEL R. CLARK, et al.

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

_______________________________________/

Case No. C07-00805 HRL

**ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Re: Docket Nos. 9, 26

*Pro se* plaintiffs Daniel Clark and Yupapan Clark sue under the Federal Tort Claims Act (FTCA). They allege negligent delay by the Office of Personnel Management (OPM) and the Department of the Navy (DON) in processing Daniel Clark's application for disability retirement benefits. Defendant now moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs' concurrently move for summary judgment.

**BACKGROUND**

Daniel Clark applied for benefits with DON in October 2005 claiming a mental health disability. The application was initially denied, but later approved in July 2006. Plaintiffs received the final retroactive payment in October 2006.

The complaint details what Plaintiffs believe to be various wrongful and negligent actions taken by OPM and DON employees during the processing of the benefit claims. These allegations are here summarized. Plaintiffs complain that DON lost Clark's application twice

and incorrectly informed him about the availability of interim payments. Cmplt. ¶¶ 18-67. They further claim that the initial denial of benefits letter did not meet statutory requirements and that Clark was not provided the full time available under statute to resubmit his information for reconsideration. Cmplt. ¶¶ 70-83. Plaintiffs allege that the second denial letter revealed a discriminatory bias against Clark's psychiatric based disability.[1] Cmplt. ¶¶ 82-88. They further complain that during the administrative appeal OPM delayed and failed to cooperate with the proceedings, even after the Administrative Law Judge ordered OPM to do so. Cmplt. ¶¶ 89-98, 102-114. Finally, the Clark's address what they believe to have been a "bogus letter" sent by OPM to the Administrative Law Judge to conceal OPM's negligence. Cmplt. ¶¶ 99-101. According to the Plaintiffs, this letter was "criminally fraudulent" because it was not signed or dated and misrepresented the facts surrounding Clark's case. Cmplt. ¶¶ 107-114.

As the complaint stands, the allegations are ambiguous as to which tort theories Plaintiffs intend to rely. At the hearing on these motions, Daniel Clark stated that Plaintiffs are pursuing damages based on the following torts: Negligence (including negligent supervision and negligence per se), Breach of Fiduciary Duty, Intentional Infliction of Emotional Distress and Res Ipsa Loquitor.

## I. Defendant's Motion to Dismiss

### LEGAL STANDARD

In considering a motion to dismiss, a court should accept all material factual allegations as true and construe them "in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

---

[1] According to Plaintiffs, the letter stated, "Dr. Evans concludes his report of treatment history by stating ... your mood in conjunction with medication you began to slowly emerge from 'the fog.' A review of your treatment history fails to reveal any mention of a diagnosis and treatment for a FOG." Cmplt. ¶ 84.

United States District Court
For the Northern District of California

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer jurisdiction upon the court, or the existence of subject matter jurisdiction in fact. *Thornhill Publ'g, Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Under Rule 12(b)(6), dismissal for failure to state a claim upon which relief can be granted is permitted when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the contents of the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).[2]

**DISCUSSION**

Subject matter jurisdiction exists only if Plaintiffs can assert a claim under the FTCA. To do so, they must establish [1] that the claims are not statutorily excluded, [2] facts sufficient to meet the elements of a tort claim against a federal employee acting within the scope of his or her employment, and [3] that the United States is liable "in the same manner and to the same extent as a private individual in like circumstances." 28 U.S.C. §§ 2674, 1346(b).

Because the FTCA is a limited waiver of sovereign immunity, jurisdiction is lacking where any claims are excluded by the statute. Defendant contends that any fraud claims would be excluded under 28 U.S.C. § 2680(h).[3] This provision waives immunity for "any claim arising out of ... misrepresentation." Plaintiffs acknowledged at oral argument that they were excluded from pursuing damages for fraud claims. However, they also stated that the fraudulent acts were alleged in support of the negligence claims. For the sake of clarity, **Defendant's motion to dismiss with respect to any claims arising in misrepresentation or fraud is GRANTED with prejudice for lack of jurisdiction.**

---

[2] Although some matters outside of the pleadings were filed in this case, for purposes of this particular motion, the court will not consider anything extraneous to the pleadings. As such, the motion to dismiss is not converted into a motion for summary judgment. See, Fed. R. Civ. P. 12(b)(6); *Palm v. United States*, 835 F.Supp. 512, 515 n.1 (N.D.Cal. 1993).

[3] Plaintiffs did not list fraud among the tort claims identified, but Defendant is concerned because the complaint includes fraud allegations (e.g., employee misrepresentations concerning interim payments and OPM's "bogus letter.").

Defendant next argues that jurisdiction is lacking for the remaining claims because the third FTCA requirement has not been met. For this element, the circumstances underlying Plaintiffs' tort claim must be analogous to circumstances which, if Defendant were a private entity, it would be liable under the local law where the act occurred. *Appleton v. United States*, 180 F.Supp.2d 177, 184-85 (D.D.C. 2002). In other words, the tort must have a persuasive private analogue. *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) (FTCA applies only if there is a persuasive analogy with private conduct).

Plaintiffs correctly apply the *Indian Towing* standard to this requirement. In that case, the Supreme Court emphasized that the FTCA looks to whether liability would be imposed on the government to the same extent as would be imposed on a private individual "under *like* circumstances." *Indian Towing Co. v. United States*, 350 U.S. 61, 64-65 (1955) (emphasis added). The Court rejected the government's attempts to read into the statute a standard imposing liability only under *the same* circumstances. *Id.* Therefore, there can be liability for negligent performance of uniquely governmental functions. *Id.*

Defendant responds that there is no persuasive private analogue to the government action in this case. Alternatively, it argues that if there is an analogue, it is a private employer who would not be liable in these circumstances because ERISA would preempt. Under the former theory, Defendant contends that the claimed negligence stems from the breach of a duty created by federal law, which, by itself, is not actionable under the FTCA. In support, Defendant cites cases which found the FTCA inapplicable for breached duty of care in administering the bond approval provisions of the Miller Act.[4] However, these cases are factually and legally distinguishable from the instant action. Furthermore, there is authority which indicates that even if a duty is created by federal statute, the court still needs to consider whether liability would be imposed on a private person. *See, e.g., Appleton*, 180 F.Supp.2d at 184-85. Thus, this particular argument is not persuasive.

Addressing Defendant's second theory, the court considers whether the private employer analogue is appropriate and, if so, whether that private entity would be liable in like

[4] Motion to Dismiss, pg. 8, citing, e.g., *Westbay Steel, Inc.*, 970 F.2d 648.

circumstances. Plaintiffs offer alternatives to the proposed analogue which they argue would expose the Defendant to liability. The Clark's first propose the District of Columbia or state of Virginia as an employer. They argue that an employee of either of these entities may successfully bring this type of action against their employer. However, this example fails. It is irrelevant to the FTCA analysis that a public employer might be liable, because this analogy is expressly excluded from the private person liability determination. *United States v. Olson*, 546 U.S. 43 (2005) (reversing Ninth Circuit precedent which permitted waiver of immunity in certain cases where local law imposed liability on state or municipal entities).

Plaintiffs' second alternative is a private employer exempt from ERISA. Here, the Clark's argue that an appropriate analogue would be private employers exempt from ERISA, such as those administering a benefit plan for the sole purpose of maintaining Workers' Compensation or disability insurance. They contend that under *Indian Towing*, the instant action presents a sufficiently similar "like circumstance" because Clark sought disability retirement benefits. However, this alternative also fails. The analogy presented is not sufficiently similar to the facts of this case, even under *Indian Towing*. The federal retirement benefits plan is not like those plans administered for the sole purpose of maintaining an insurance program. It is a comprehensive plan, which would be covered by ERISA if the federal government were a private employer. Because the alternative proposals are unpersuasive, the court adopts Defendant's private employer analogue.

A final question remains: If a private employer covered by ERISA is the appropriate analogue, then does ERISA preempt this type of action, thus precluding liability? In arguing for liability preclusion, Defendant cites *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985). There, the Supreme Court noted that "the relevant text of ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in § 409(a) Congress did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims." Plaintiffs counter that ERISA does not preempt under the Ninth Circuit's "relationship test."

United States District Court
For the Northern District of California

*Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 820-21 (9th Cir. 2001) (for preemption, state law theories must relate to an ERISA plan within the meaning of 29 U.S.C. § 1144(a)).

The Clark's cite to a particular portion of this case which appears to hold that because tort laws, as a general matter, do not relate specifically to ERISA, then there is no preemption. *Id.* at 820-21. However, this misconstrues the holding. In *Abraham*, which dealt with the leveraged buyout of company stock by an employee stock ownership plan, the Ninth Circuit did hold that the claims of the noteholders for state law fraud, breach of fiduciary duty and negligence were not preempted by ERISA. However, in reaching that conclusion, the Court thoroughly analyzed the claims asserted by the noteholders under the various tort theories. The key to the decision was whether those claims (not the tort laws themselves) related to an ERISA plan.[5] Preemption was determined to be inappropriate there because the state law claims had no bearing on any ERISA-governed relationship and because "the claims [did] not remotely concern the objectives of ERISA." *Id.* at 820-21.

The same cannot be said here, where the allegedly negligent conduct is the processing of Clark's claim for disability retirement benefits. Plaintiffs' claims relate directly to the objectives of ERISA and, what would be in the private sector, an ERISA-governed relationship. Because the federal government would not be liable if it was a private person in like circumstances, Plaintiffs' remaining claims are not actionable under the FTCA. **Accordingly, Defendant's motion to dismiss is GRANTED with prejudice for lack of subject matter jurisdiction.**

## II. Plaintiffs' Motion for Summary Judgment

In light of the conclusion reached above, Plaintiffs' motion for summary judgment is DENIED as moot. Although, as noted at the hearing, it would have been denied as premature given the fact that Defendant has yet to file an answer.

---

[5] This conclusion is consistent with Ninth Circuit caselaw. *See, e.g. Miller v. Nat'l Brokerage Services, Inc.*, 782 F. Supp. 1440, 1444 (D.Nev. 1991) (holding that state law tort claims were not saved from ERISA preemption because the claims related to the plan).

United States District Court
For the Northern District of California

**CONCLUSION**

Accordingly, Plaintiffs' claims are dismissed with prejudice in their entirety .[6]

**IT IS SO ORDERED.**

Dated: 8/17/07



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

[6] "A district court does not err in denying leave to amend where the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

United States District Court
For the Northern District of California

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Lawrence E. Eiser Larry.Eiser@USDOJ.Gov, Hope.Swann@USDOJ.Gov

Daniel R. Clark
585 Hawthorne Street
Unit 205
Monterey, CA 93940

Yupapan Clark
585 Hawthorne Street
Unit 205
Monterey, CA 93940

James G. Touhey, Jr.
U. S. Department of Justice
Torts Branch, Civil Division
Post Office Box 888
Washington, DC 20044

Peter D. Keisler
United States Department of Justice
Assistant Attorney General
20 Massachusetts Avenue, NW
Room 7312
Washington, DC 20530